1
2
3
4
5
6

SEYFARTH SHAW LLP
Gerald L. Maatman, Jr. (Admitted *Pro Hac Vice*)
gmaatman@seyfarth.com
Jennifer A. Riley (Admitted *Pro Hac Vice*)
jriley@seyfarth.com
Michael D. Jacobsen (Admitted *Pro Hac Vice*)
mjacobsen@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000

7
8
9
10

SEYFARTH SHAW LLP
Daniel C. Whang (SBN 223451)
dwhang@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

11
12

Attorneys for Defendant
KELLY SERVICES, INC.

13
14
15
16

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| MAHOO AMIN, also known as SEYED M FAZLOLLAHZADE DIVKOLA, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED STERILIZATION PRODUCTS SERVICES INC., a California corporation; KELLY SERVICES, INC., a Michigan corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 8:18-cv-01528 JVS (JDEx)<br><br>**DEFENDANT KELLY SERVICES, INC.'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY THE ACTION**<br><br>Date:         November 19, 2018<br>Time:        1:30 p.m.<br>Courtroom:  10C<br>Judge:       Hon. James V. Selna |

MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY THE ACTION

CASE NO. 8:18-CV-01528 JVS (JDEX)

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 19, 2018, at 1:30 p.m., or as soon thereafter as the matter can be heard, in Courtroom 10C of the U.S. District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701, Defendant Kelly Services, Inc. ("KSI") will move, and hereby does move, pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, and Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an Order compelling arbitration of Plaintiff's non-PAGA claims on an individual basis, dismissing Plaintiff's class claims, staying Plaintiff's PAGA claim pending the conclusion of individual arbitration, and staying the action pending resolution of *Barbosa, et al. v. Kelly Services, Inc., et al.*, Case No. M133109 (Sup. Ct. Monterey Cty., Cal.), pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

KSI makes this Motion following the conference of counsel pursuant to Local Rule 7-3 which took place on September 13, 2018. KSI requested that Plaintiff dismiss his class claims and honor his written contractual agreement to arbitrate his non-PAGA claims on an individual basis. Plaintiff refused to agree to the relief sought herein.

KSI bases this Motion on this Notice and Memorandum of Points and Authorities, the Declaration of Scott Stewart, any oral argument that the Court might allow, and all pleadings and papers filed with the Court in this action, any matter that is subject to judicial notice, and such other matters as the Court may consider at, before, or following the hearing on this Motion.

48863839v.5

1   DATED: October 4, 2018                    Respectfully submitted,

2                                             SEYFARTH SHAW LLP

3

4                                             By: /s/ Gerald L. Maatman, Jr._____
                                                   Gerald L. Maatman, Jr.
5                                                  Jennifer A. Riley
                                                   Daniel C. Whang
6                                                  Michael D. Jacobsen
7                                             Attorneys for Defendant
                                              KELLY SERVICES, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              2

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .................................................................... 1

II.  BACKGROUND ..................................................................... 2

    A.   Plaintiff Agrees To Individual Arbitration ............................. 2

    B.   Plaintiff Files Covered Claims In Court.................................. 4

    C.   Plaintiff Alleges That KSI And ASPS Are The Same Entity ......... 5

    D.   *Barbosa* Asserts Claims On Behalf Of Plaintiff And The Putative Class ......................................................................... 6

    E.   Plaintiff Refuses To Comply With The Arbitration Agreement ................... 6

III. LEGAL ARGUMENT............................................................. 6

    A.   The Court Should Compel Individual Arbitration Of Plaintiff's Non-PAGA Claims And Stay His PAGA Claim Pending The Conclusion Of Individual Arbitration ................................................ 6

        1.   The Arbitration Agreement Is Valid And Enforceable........................ 8

            a.   KSI Has Not Waived Its Right To Compel Individual Arbitration................... 8

            b.   The Arbitration Agreement Was Not Executed Based On Fraud Or Duress ........ 9

            c.   The Arbitration Agreement Is Not Unconscionable................ 10

                1.   The Arbitration Agreement Is Not Procedurally Unconscionable ................ 11

                2.   The Arbitration Agreement Is Not Substantively Unconscionable ................ 12

            d.   The Arbitration Agreement Meets The *Armendariz* Factors ... 13

        2.   Plaintiff Must Proceed In Arbitration On An Individual Basis Because The Class Waiver Is Valid And Enforceable ..................... 15

        3.   The Arbitration Agreement Covers Plaintiff's Claims...................... 16

        4.   Plaintiff Should Be Required To Arbitrate His Claims Against KSI, As Well As Those Against ASPS................. 17

        5.   The Court Should Bifurcate And Stay Plaintiff's PAGA Claim ........ 18

48863839v.5

B.    The Court Should Stay This Action Under *Colorado River* Pending
Resolution Of *Barbosa* ...................................................................... 19

IV.    CONCLUSION ............................................................................................. 25

2

48863839v.5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*African Methodist Episcopal Church v. Lucien*,
  756 F.3d 788 (5th Cir. 2014) ................................................................ 19, 23

*AT&T Mobility LLC v. Concepcion*,
  563 U.S. 333 (2011) .......................................................................... 14, 15

*AT&T Techs., Inc. v. Commc'n Workers of Am.*,
  475 U.S. 643 (1986) .............................................................................. 16

*Borg-Warner Protective Servs. Corp. v. Gottlieb*,
  No. 95-56153, 1997 U.S. App. LEXIS 15516 (9th Cir. June 25, 1997) ................. 9, 10

*Bosinger v. Phillips Plastics Corp.*,
  57 F. Supp. 2d 986 (S.D. Cal. 1999) ............................................................ 9

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
  207 F.3d 1126 (9th Cir. 2000) .................................................................. 7

*Colorado River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1976) ...................................................................... *passim*

*Community Consol. Sch. Dist. No. 59 v. U.S. Fidelity & Guaranty Co.*,
  626 F. Supp. 461 (N.D. Ill. 1985) ............................................................ 23

*CompuCredit Corp. v. Greenwood*,
  132 S. Ct. 665 (2012) ........................................................................... 7

*Coopers & Lybrand v. Sun-Diamond Growers of Cal.*,
  912 F.2d 1135 (9th Cir. 1990) ................................................................ 20

*Davis v. Nordstrom, Inc.*,
  755 F.3d 1089 (9th Cir. 2014) ................................................................. 7

*DeMartini v. Johns*,
  3:12-CV-03929, 2012 WL 4808448 (N.D. Cal. Oct. 9, 2012) ............................... 9

*DIRECTV, Inc. v. Imburgia*,
  136 S. Ct. 463 (2015) .......................................................................... 15

*Epic Systems Corp. v. Lewis*,
  138 S. Ct. 1147 (2018) ......................................................................... 15

*Gaffers v. Kelly Servs., Inc.*,
  No. 16-2210, 2018 WL 3863422 (6th Cir. Aug. 15, 2018) .................................. 4

*Gintz v. Jack In the Box, Inc.*,
  No. 06-CV-02857, 2006 WL 3422222 (N.D. Cal. Nov. 28, 2006) ...................... 21, 22

1

*Gray v. Conseco, Inc.*,
  No. SA CV 00-322DOC(EEX), 2000 WL 1480273 (C.D. Cal. Sept. 29,
  2000) ...................................................................................................................... 19

*Green Tree Fin. Corp. v. Randolph*,
  531 U.S. 79 (2000)................................................................................................... 7

*Gunawan v. Randstad Gen. Partner (US) LLC*,
  Case No. SAVC 13-01464-CJC(AGRx), 2013 WL 12142565 (C.D. Cal.
  Dec. 16, 2013).......................................................................................................... 19

*Hicks v. PGA Tour, Inc.*,
  165 F. Supp. 3d 898 (N.D. Cal. 2016)..................................................................... 10

*Johnson v. Int'l Bus. Machs. Corp.*,
  891 F. Supp. 522 (N.D. Cal. 1995).......................................................................... 10

*Lei v. Amway Corp.*,
  CV 14-04022-RGK, 2014 WL 12596787 (C.D. Cal. July 23, 2014)........................... 8

*Marshall v. Pontiac*,
  287 F. Supp. 2d 1229 (S.D. Cal. 2003).................................................................... 18

*Montanore Minerals Corp. v. Bakie*,
  867 F.3d 1160 (9th Cir. 2017) ..............................................................20, 22, 24, 25

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983)..........................................................................................7, 16, 23

*Nakash v. Marciano*,
  882 F.2d 1411 (9th Cir. 1989) ................................................................................. 24

*Nanavati v. Adecco USA, Inc.*,
  99 F. Supp. 3d 1072 (N.D. Cal. 2015)..................................................................... 15

*Noye v. Johnson & Johnson*,
  Case No. 15-CV-2382, 2017 WL 5135191 (M.D. Pa. Nov. 6, 2017)............................ 4

*Oguejiofor v. Nissan*,
  No. C-11-0544 EMC, 2011 WL 3879482 (N.D. Cal. Sept. 2, 2011)......................... 14

*R.R. Street & Co., Inc. v. Transp. Ins. Co.*,
  656 F.3d 966 (9th Cir. 2011) ................................................................................... 23

*Rent-A-Ctr., W., Inc. v. Jackson*,
  561 U.S. 63 (2010)................................................................................................... 14

*Ross v. U.S. Bank Nat'l Ass'n*,
  542 F. Supp. 2d 1014 (N.D. Cal. 2008)........................................................20, 24, 25

*Ruhe v. Masimo Corp.*,
  No. SACV 11-00734, 2011 WL 4442790 (C.D. Cal. Sept. 16, 2011)........................ 14

2

*Shearson/Am. Express v. McMahon,*
   482 U.S. 220 (1987)....................................................................................... 7

*Simula, Inc. v. Autoliv, Inc.,*
   175 F.3d 716 (9th Cir. 1999) ...................................................................... 16

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.,*
   368 F.3d 1053 (9th Cir. 2004) ...................................................................... 8

**State Cases**

*Armendariz v. Found. Health Psychcare Servs., Inc.,*
   24 Cal. 4th 83 (2000) .......................................................... 8, 12, 13, 14, 15

*Cione v. Foresters Equity Servs., Inc.,*
   58 Cal. App. 4th 625 (1997) .......................................................................... 7

*Engalla v. Permanente Med. Grp., Inc.,*
   15 Cal. 4th 951 (1997) ................................................................................... 9

*Franco v. Arakelian Enters., Inc.,*
   234 Cal. App. 4th 947 (2015) ................................................................. 18, 19

*Garcia v. Pexco, LLC,*
   11 Cal. App. 5th 782 (2017) ...................................................................... 17

*Htay Htay Chin v. Advanced Fresh Concepts Franchise Corp.,*
   194 Cal. App. 4th 704 (2011) .................................................................... 11

*Iskanian v. CLS Transp. Los Angeles, LLC,*
   59 Cal. 4th 348 (2014) ......................................................................... 15, 18

*Jersey v. John Muir Med. Ctr.,*
   97 Cal. App. 4th 814 (2002) ...................................................................... 12

*Lagatree v. Luce, Forward, Hamilton & Scripps LLP,*
   74 Cal. App. 4th 1105 (1999) .................................................................... 11

*Marcus v. Superior Court,*
   75 Cal. App. 3d 204 (1977) ........................................................................ 19

*Molecular Analytical Sys. v. Ciphergen Biosystems, Inc.,*
   186 Cal. App. 4th 696 (2010) ...................................................................... 7

*Moncharsh v. Heily & Blase,*
   3 Cal. 4th 1 (1992) ........................................................................................ 7

*Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev., LLC,*
   55 Cal. 4th 223 (2012) .................................................................................. 7

*Roman v. Superior Ct.,*
   172 Cal. App. 4th 1462 (2009) .................................................................. 14

3

48863839v.5

*Sanchez v. CarMax Auto Superstores Calif., LLC*,
   224 Cal. App. 4th 398 (2014) ................................................................. 12

*Sanchez v. Valencia Holding Co., LLC*,
   61 Cal. 4th 899 (2015) ........................................................................... 12

*Sandoval v. Republic Servs., Inc.*,
   Case No.: BC 683815, 2018 Cal. Super. LEXIS 2261 (July 12, 2018) ................. 4, 17

*Stirlen v. Supercuts, Inc.*,
   51 Cal. App. 4th 1519 (1997) ................................................................. 12

*Tiri v. Lucky Chances, Inc.*,
   226 Cal. App. 4th 231 (2014) ................................................................... 8

*Titolo v. Cano*,
   157 Cal. App. 4th 310 (2007) ................................................................. 16

*Wagner Constr. Co. v. Pac. Mech. Corp.*,
   41 Cal. 4th 19 (2007) ........................................................................... 8, 9

*Walnut Producers of Cal. v. Diamond Foods, Inc.*,
   187 Cal. App. 4th 634 (2010) ....................................................... 10, 11, 12

**Federal Statutes**

9 U.S.C. § 3 ........................................................................................ 18

9 U.S.C. § 4 ..................................................................................... 8, 18

**State Statutes**

Cal. Code Civ. P. § 1048(b) ................................................................... 19

Cal. Code Civ. P. §§ 1280, *et seq.* ............................................................ 7

Cal. Code Civ. P. § 1281.2 ................................................................... 7, 8

Cal. Code Civ. P. § 1281.4 ..................................................................... 18

California Business and Professions Code §§ 17200, *et seq.* ................. 5, 6, 17, 21

California Labor Code § 200 ................................................................. 4, 5

California Labor Code § 201 ................................................................. 5, 6

California Labor Code § 202 ................................................................. 5, 6

California Labor Code § 203 ................................................................. 5, 6

California Labor Code § 204 ..................................................................... 5

California Labor Code § 210 ..................................................................... 5

4

48863839v.5

California Labor Code § 221 ................................................................. 5

California Labor Code § 224 ................................................................. 5

California Labor Code § 226 ......................................................... 4, 5, 6

California Labor Code § 226.7 .......................................................... 4, 5

California Labor Code § 500 ................................................................. 4

California Labor Code § 510 ............................................................ 4, 5

California Labor Code § 512 ................................................................. 5

California Labor Code § 1174 ......................................................... 5, 6

California Labor Code § 1175 ............................................................... 6

California Labor Code § 1194 .......................................................... 4, 5

California Labor Code § 1194.2 ........................................................... 5

California Labor Code § 1197 ....................................................... 4, 5, 6

California Labor Code § 1197.1 ........................................................... 5

California Labor Code § 1198 .......................................................... 4, 5

California Labor Code § 1199 ............................................................... 6

California Labor Code §§ 2698, *et seq.* ............................................. 5

California Labor Code § 2802 ......................................................... 5, 6

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........................................... 8

MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY THE ACTION
CASE NO. 8:18-CV-01528 JVS (JDEX)

48863839v.5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The Court should compel individual arbitration of the non-PAGA claims brought by Plaintiff Mahoo Amin, also known as Seyed M. Fazlollahzade ("Plaintiff"), dismiss Plaintiff's class claims, and stay the remainder of this action pending conclusion of individual arbitration and pending resolution of a parallel proceeding, *Barbosa, et al. v. Kelly Services, Inc.*, *et al.*, Case No. M133109 (Sup. Ct., Monterey Cty.) ("*Barbosa*").

First, the Court should compel individual arbitration of Plaintiff's non-PAGA claims.  When he commenced employment with Kelly Services, Inc. ("KSI"), Plaintiff voluntarily executed an agreement entitled Dispute Resolution And Mutual Agreement To Binding Arbitration (the "Agreement" or "Arbitration Agreement").  By signing the Agreement, Plaintiff agreed to arbitrate all claims relating to his employment on an individual basis.  In his Complaint, Plaintiff asserts various claims that fall within the scope of the Arbitration Agreement.

Among other things, Plaintiff alleges that Defendants failed to pay him for all hours worked, failed to pay him minimum wage and overtime, failed to permit meal and rest breaks, failed to reimburse his business expenses, failed to furnish him accurate itemized wage statements, and failed to timely pay wages due upon separation.  (*See* ECF No. 5, Ex. A, Compl.)  Because the claims relate to his employment, the Agreement requires Plaintiff to submit his claims to binding arbitration on an individual basis.  Accordingly, the Court should compel individual arbitration, dismiss Plaintiff's class claims, and stay the remainder of this action pending the conclusion of arbitration.

Second, the Court should stay this action pending resolution of a parallel proceeding filed in Superior Court.  Before Plaintiff filed his claims, Hernando Barbosa filed *Barbosa* in Monterey County on behalf of a putative class that includes Plaintiff, as well as those individuals who Plaintiff seeks to represent in this action, for purposes of pursuing many of the same alleged wage and hour violations that Plaintiff asserts in his

1  Complaint.  To avoid piecemeal litigation and potentially inconsistent rulings, the Court

2  should stay this action pending the resolution of *Barbosa*.

3  In sum, the Court should compel individual arbitration of Plaintiff's non-PAGA

4  claims, dismiss his class claims, stay his PAGA claim pending the conclusion of

5  individual arbitration, and stay this action pending the resolution of *Barbosa*.

## II.   **BACKGROUND**

7  KSI is a global staffing and workforce solutions company that provides temporary

8  employees to its client companies.  (*See* Declaration of Scott Stewart ("KSI Decl.") ¶ 4.)

9  KSI is based in Michigan and operates throughout the United States.  (*See id.*)  KSI hired

10  Plaintiff, a California resident, in June 2016 and assigned Plaintiff to work at Advanced

11  Sterilization Products Services, Inc. ("ASPS"), one of its client companies in California.

12  (*See id.* ¶ 9 & Ex. A.)

### A.   **Plaintiff Agrees To Individual Arbitration**

14  On June 7, 2016, at the commencement of his employment with KSI, Plaintiff

15  accepted the Arbitration Agreement.  (*See id.* ¶ 10 & Ex. B.)  KSI presented Plaintiff the

16  Agreement as a freestanding document, separate and distinct from Plaintiff's other new

17  hire paperwork.  (*Id.*)  KSI titled the document clearly, in large font, "Dispute Resolution

18  And Mutual Agreement To Binding Arbitration."  (*Id.*)  Plaintiff signed the Agreement

19  on June 7, 2016, and KSI signed the Agreement the same day.  (*Id.*)

20  By accepting the Arbitration Agreement, Plaintiff and KSI agreed to use binding

21  arbitration to resolve their disputes.  The Agreement provides:  "[KSI] and I agree to use

22  binding arbitration, instead of going to court, for any 'Covered Claims' that arise between

23  me and Kelly Services [or] its related and affiliated companies."  (KSI Decl. ¶ 10 & Ex.

24  B ¶ 1.)  The Arbitration Agreement defines "Covered Claims" as follows:  "The 'Covered

25  Claims' under this Agreement shall include all common-law and statutory claims relating

26  to my employment, including, but not limited to, any claim for breach of contract, unpaid

27  wages, [or] wrongful termination."  (*Id.* ¶ 2.)  It provides in bold font:

28

2

**I understand and agree that arbitration is the only forum for resolving Covered Claims, and that both Kelly Services and I hereby waive the right to a trial before a judge or jury in federal or state court in favor of arbitration for Covered Claims.**

(*Id.*)

Plaintiff and KSI agreed that arbitration under the Agreement would proceed on an individual basis before a single arbitrator, and they expressly waived any right to participate in or receive money or any other relief from any class, collective, or representative proceeding.  (*See id.* ¶¶ 4, 8.)  The Agreement states:

**Waiver of Class and Collective Claims**.  Both Kelly Services and I also agree that all claims subject to this agreement will be arbitrated only on an individual basis, and that both Kelly Services and I waive the right to participate in or receive money or any other relief from any class, collective, or representative proceeding.  No party may bring a claim on behalf of other individuals, and no arbitrator hearing any claim under this agreement may: (i) combine more than one individual's claim or claims into a single case; (ii) order, require, participate in or facilitate production of class-wide contact information or notification of others of potential claims; or (iii) arbitrate any form of a class, collective, or representative proceeding.

(*Id.* ¶ 8.)

Plaintiff and KSI also agreed to numerous provisions that ensure the Agreement's enforceability and fairness to all parties.  The Arbitration Agreement provides that it "shall be governed by the Federal Arbitration Act," as well as, for California employees, the California Arbitration Act.  (*Id.* ¶ 4.)  It provides that the arbitrator "shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law."  (*Id.*)  The Arbitration Agreement provides for a neutral arbitrator in that it adopts the AAA rules for selection of the arbitrator, who shall be either a retired judge or an attorney experienced in employment law.  (*Id.* ¶ 10.)  The Arbitration Agreement provides for discovery for both parties, noting that "[t]he Federal Rules of Evidence shall apply to all arbitration proceedings under this Agreement . . . [and] [t]he Code of Civil Procedure for my state of residence shall apply to all discovery

3

requests and proceedings under this Agreement." (*Id*. ¶ 11.)  The Arbitration Agreement requires that "the Arbitrator's award shall be in writing, with factual findings, reasons given, and evidence cited to support the award," and that KSI "shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator."  (*Id*. ¶¶ 9, 12.)

Multiple courts have upheld the enforceability of the Arbitration Agreement in similar circumstances.  *See Sandoval v. Republic Servs., Inc.*, Case No.: BC 683815, 2018 Cal. Super. LEXIS 2261, at *12, *14 (July 12, 2018) (finding Arbitration Agreement enforceable, granting KSI's motion to compel arbitration, and staying case pending completion of arbitration); *Noye v. Johnson & Johnson*, Case No. 15-CV-2382, 2017 WL 5135191, at *7-9, *12 (M.D. Pa. Nov. 6, 2017) (finding Arbitration Agreement conscionable, using cons018bility factors applied by California courts, and granting KSI's motion to compel arbitration and stay claims pending completion of arbitration); *see also Gaffers v. Kelly Servs., Inc.*, No. 16-2210, 2018 WL 3863422, at *1 (6th Cir. Aug. 15, 2018) (reversing district court's order denying KSI's motion to compel individual arbitration).

**B.    Plaintiff Files Covered Claims In Court**

On July 18, 2018, Plaintiff filed this lawsuit in Orange County Superior Court. (ECF No. 5, Ex. A, Compl.)  Plaintiff brought his action as a class action on behalf of a class defined as:  "All non-exempt employees who are or were employed by Defendants and who worked in California at any time during the Class Period (collectively, the 'Class' or 'Class Members') excluding all persons with administrative or managerial duties only."  (*Id*. ¶ 46.)

In his Complaint, Plaintiff asserted various statutory claims relating to his employment, including, but not limited to, claims for unpaid wages.  Plaintiff claimed, among other things, that Defendants:  (1) failed to compensate him for all hours worked in violation of California Labor Code §§ 200, 226, 226.7, 500, 510, 1194, 1197 and 1198;

(2) failed to pay minimum wage, including overtime compensation, in violation of Labor Code §§ 510, 1194, 1194.2, 1197 and 1198; (3) failed to provide meal and rest periods (as well as pay the statutory penalty for missed meal and rest periods) in violation of Labor Code §§ 200, 226.7 and 512; (4) failed to reimburse required business expenses in violation of Labor Code § 2802; (5) failed to furnish accurate, itemized wage statements in violation of Labor Code § 226; (6) failed to timely pay wages due at the time of separation in violation of Labor Code §§ 201-203; and (7) violated the California Business and Professions Code §§ 17200, *et seq*., through the actions described above, including by allegedly failing to "accurately pay their employees for overtime" and "fail[ing] to provide their employees with their statutory meal and rest breaks." (*Id*. ¶¶ 55-100, 112-124.)

Plaintiff also asserted a claim for penalties under California Labor Code §§ 2698, *et seq*. ("PAGA") based on the alleged violations of the California Labor Code described above. (*Id*. ¶¶ 101-111 ("Pursuant to PAGA . . . Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendants . . . for violations of California Labor Code sections 200, 201, 202, 203, 204, 210, 221, 224, 226(a), 510, 1174, 1194, 1197, 1197.1, and 1198.").)

## C.   Plaintiff Alleges That KSI And ASPS Are The Same Entity

Plaintiff asserts his claims against both KSI and ASPS on the grounds that, according to Plaintiff, they are the same entity. In his Complaint, Plaintiff alleges that "each and all of the acts and omissions alleged herein was performed by or is attributable to Defendants . . . each acting as the agent for the other." (*See id.* ¶ 6.) Plaintiff further alleges that "there exists such a unity of interest and ownership" between ASPS and KSI "that the individuality and separateness of Defendants have ceased to exist" and ASPS and KSI "are, in reality, one and the same." (*Id*. ¶¶ 12-13, 16.) As such, Plaintiff

contends that Defendants "are Plaintiff's joint employers by virtue of a joint enterprise" and that both "Defendants shared control of Plaintiff as an employee." (*Id.* ¶ 15.)

### D. *Barbosa* Asserts Claims On Behalf Of Plaintiff And The Putative Class

On August 26, 2015, Hernando Barbosa filed suit in the Superior Court of Monterey County, California, and on July 12, 2018, Barbosa filed a Fourth Amended Complaint against KSI on behalf of a putative class of "all current and former Temporary Services Employees hired by Defendants at any time during the Class Period (the 'Class')." (*See Barbosa* Compl.; *Barbosa* Fourth Am. Compl. ¶ 54.)[1]  In his Fourth Amended Complaint, Barbosa claimed, among other things, that KSI:  (1) failed to pay minimum wage in violation of Labor Code §§ 1197 and 1199; (2) failed to furnish accurate, itemized wage statements in violation of Labor Code §§ 226(a), 1174 and 1175; (3) failed to timely pay wages due upon termination in violation Labor Code §§ 201-203; (4) failed to reimburse required business expenses in violation of Labor Code § 2802; and (5) violated the California Business and Professions Code §§ 17200, *et seq.*, and PAGA through the alleged violations of the California Labor Code set forth in the Fourth Amended Complaint, including those described above.  (*See Barbosa* Fourth Am. Compl. ¶¶ 74-96, 103-108, 116-135.)

### E. Plaintiff Refuses To Comply With The Arbitration Agreement

On September 13, 2018, after supplying Plaintiff's counsel a copy of the Arbitration Agreement, KSI requested that Plaintiff comply with the Arbitration Agreement, dismiss his class claims, and agree to arbitrate his non-PAGA claims on an individual basis.  Plaintiff, however, refused to agree.

## III.  LEGAL ARGUMENT

### A. The Court Should Compel Individual Arbitration Of Plaintiff's Non-PAGA Claims And Stay His PAGA Claim Pending The Conclusion Of

---

[1] The *Barbosa* Complaint and Fourth Amended Complaint are attached as Exhibits A and B, respectively, to KSI's Request for Judicial Notice filed in support of this Motion.

### Individual Arbitration

In accordance with the Federal Arbitration Act ("FAA"), the Court should enforce the Arbitration Agreement according to its terms and order Plaintiff to resolve his claims through individual arbitration. The FAA reflects a strong congressional policy favoring arbitration as a speedy and relatively inexpensive means of dispute resolution. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (noting that the FAA reflects a "congressional declaration of a liberal federal policy favoring arbitration agreements"). Accordingly, it requires courts to enforce agreements to arbitrate according to their terms and to resolve "any doubts concerning the scope of arbitrable issues" in favor of arbitration. *Id.* at 24-25; *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 668-69 (2012). The terms here require Plaintiff to arbitrate his claims on an individual basis.

A Court must compel arbitration where: (1) a valid agreement to arbitrate exists; and (2) the agreement encompasses the dispute at issue. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092 (9th Cir. 2014); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000); *see Molecular Analytical Sys. v. Ciphergen Biosystems, Inc.*, 186 Cal. App. 4th 696, 705-06 (2010) (noting that California state provisions regarding enforcement of arbitration agreements are the same); Cal. Code Civil P. § 1281.2 (stating that, if an agreement to arbitrate exists, "the court shall order the petitioner and the respondent to arbitrate the controversy"). Under the FAA, arbitration agreements are presumed valid and enforceable. *See Shearson/Am. Express v. McMahon*, 482 U.S. 220, 226 (1987).[2] As a result, the party resisting arbitration bears the burden of showing that the arbitration agreement is invalid or does not encompass the claims at issue. *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 92 (2000); *Pinnacle Museum Tower Ass'n v.*

---

[2] The CAA evinces the same "strong public policy in favor of arbitration," including arbitration of disputes between employers and employees. *Moncharsh v. Heily & Blase*, 3 Cal. 4th 1, 9 (1992); Cal. Code Civil P. §§ 1280, *et seq.*; *Cione v. Foresters Equity Servs., Inc.*, 58 Cal. App. 4th 625, 630, 646 (1997) (compelling arbitration of wrongful termination claims). KSI seeks relief under the CAA in the alternative.

*Pinnacle Mkt. Dev., LLC*, 55 Cal. 4th 223, 247 (2012).

As demonstrated below, the Arbitration Agreement is valid and enforceable and encompasses Plaintiff's non-PAGA claims.  The Court, therefore, should compel Plaintiff to arbitrate such claims on an individual basis, dismiss them pursuant to Federal Rule of Civil Procedure 12(b)(6), and stay Plaintiff's PAGA claim pending the conclusion of individual arbitration.  *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1060 (9th Cir. 2004) (upholding district court's dismissal of "plaintiffs' claims that were subject to arbitration pursuant to Fed. R. Civ. P. 12(b)(6)"); *Lei v. Amway Corp.*, CV 14-04022-RGK (AGRx), 2014 WL 12596787, at *12 (C.D. Cal. July 23, 2014) (granting motion to dismiss as to certain plaintiffs who were compelled to arbitrate).

### 1.     The Arbitration Agreement Is Valid And Enforceable

Under both federal and California state law, an arbitration agreement is valid and enforceable unless the movant has waived its right to compel arbitration or the agreement is "revocable for reasons under state law that would render any contract revocable."  9 U.S.C. § 4; Cal. Code Civ. P. § 1281.2; *see Tiri v. Lucky Chances, Inc.*, 226 Cal. App. 4th 231, 239 (2014) (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 98 (2000)).  Arbitration agreements, just like any other contracts, are revocable under state laws if the Plaintiff meets his burden to show "fraud, duress, [or] unconscionability."  *Tiri*, 226 Cal. App. 4th at 239.  As demonstrated below, Plaintiff cannot show that the Arbitration Agreement is unenforceable on any of these grounds.

### a.     KSI Has Not Waived Its Right To Compel Individual Arbitration

As an initial matter, KSI has not waived its right to enforce the Arbitration Agreement.  Given the strong public policy favoring arbitration agreements, "waivers are not lightly to be inferred and the party seeking to establish a waiver bears a heavy burden of proof."  *See Wagner Constr. Co. v. Pac. Mech. Corp.*, 41 Cal. 4th 19, 31 (2007). Waiver occurs only in situations where, for example, a party "substantially invoke[s]" the

"litigation machinery" before notifying the opposing party of an intent to arbitrate or acts "inconsistent with the right to arbitrate." *Id.* at 31.

KSI has not waived its right to enforce the Arbitration Agreement because it sought to compel arbitration at the earliest possible opportunity afforded by the Federal Rules of Civil Procedure (*i.e.*, at the pleading stage) and has not expressed any contrary indication. *See, e.g.*, *DeMartini v. Johns*, 3:12-CV-03929, 2012 WL 4808448, at *5-6 (N.D. Cal. Oct. 9, 2012) (granting motion to compel arbitration and rejecting argument that defendants waived right to seek enforcement of arbitration provision by removing to federal court).[3]

### b.   The Arbitration Agreement Was Not Executed Based On Fraud Or Duress

Plaintiff cannot avoid enforcement of the Arbitration Agreement based on any claim of fraud or duress.  As an initial matter, to support any such claim, Plaintiff must show that any purported fraud or duress was "directed to the arbitration provision specifically, and not the agreement as a whole, to render the arbitration provision inapplicable." *Bosinger v. Phillips Plastics Corp.*, 57 F. Supp. 2d 986, 992-93 (S.D. Cal. 1999) (rejecting argument that agreement was forced upon party as insufficient to defeat enforcement of arbitration clause within the agreement).

To sustain a claim of fraudulent inducement to accept the arbitration provision, Plaintiff must demonstrate:  "(a) misrepresentation . . . ; (b) knowledge of falsity . . . ; (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 973-74 (1997).  Plaintiff cannot produce evidence in the instant case that Plaintiff was induced to execute the Arbitration Agreement due to fraud. *See Borg-Warner Protective Servs.*

---

[3] Moreover, the only actions taken by ASPS in this matter to date have included joining KSI's removal and filing its Answer to Plaintiff's Complaint, which expressly included the defense that Plaintiff's claims are barred by his contractual agreement to arbitrate. (*See* ECF No. 1-1 at 7; ECF No. 7.)

9

*Corp. v. Gottlieb*, No. 95-56153, 1997 U.S. App. LEXIS 15516, at *10 (9th Cir. June 25, 1997) (holding that "[t]he threat of losing at-will employment if the employee refuses a lawful request does not constitute 'fraud'").

Similarly, to sustain any claim of duress, Plaintiff must prove "a wrongful act which is sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to succumb to the perpetrator's pressure." *Johnson v. Int'l Bus. Machs. Corp.*, 891 F. Supp. 522, 528-29 (N.D. Cal. 1995) (finding duress as "when a person subject to the wrongful act, such as a threat to withhold payment of an acknowledged debt, must succumb to the demands of the wrongdoer or else suffer financial ruin"); *see also Hicks v. PGA Tour, Inc.*, 165 F. Supp. 3d 898, 906 (N.D. Cal. 2016), *vacated in part on other grounds*, (noting that California law "does not allow for rescission of contracts that are merely the result of '[h]ard bargaining'").  Plaintiff also must show that the defendant had knowledge of the complainant's alleged vulnerability.  *See Johnson*, 891 F. Supp. 522 at 529 (noting that merely "being put to a voluntary choice of perfectly legitimate alternatives is the antithesis of duress").

Plaintiff cannot demonstrate that KSI forced him to execute the Arbitration Agreement under duress. *See Borg-Warner Protective Servs. Corp.*, 1997 U.S. App. LEXIS 15516, at *2 ("We conclude that requiring execution of an arbitration agreement as a condition of continuing at-will employment does not constitute economic duress or coercion.").  Because Plaintiff cannot demonstrate fraud or duress with respect to its execution, Plaintiff cannot void the Arbitration Agreement on these grounds.

### c.     The Arbitration Agreement Is Not Unconscionable

Because Plaintiff cannot demonstrate fraud or duress, Plaintiff cannot eschew enforcement of his signed Arbitration Agreement unless he can prove that the Arbitration Agreement is procedurally and substantively unconscionable.  *Walnut Producers of Cal. v. Diamond Foods, Inc.*, 187 Cal. App. 4th 634, 645 (2010).  "Since unconscionability is a contract defense, the party opposing arbitration bears the burden of proving that an

arbitration provision is unenforceable on that ground." *Htay Htay Chin v. Advanced Fresh Concepts Franchise Corp.*, 194 Cal. App. 4th 704, 708 (2011).  Unconscionability has both a "procedural" and a "substantive" element.  *Walnut Producers of Cal.*, 187 Cal. App. 4th at 645.  "Procedural unconscionability" focuses on such factors as "oppression" and "surprise," whereas "substantive unconscionability" considers whether the agreement is "overly harsh" or "one-sided."  *Id.*  Plaintiff cannot demonstrate that the Arbitration Agreement is procedurally and substantively unconscionable.  This Court, therefore, must enforce the Arbitration Agreement.

### 1.   The Arbitration Agreement Is Not Procedurally Unconscionable

In determining whether an arbitration agreement is procedurally unconscionable, courts look to whether it is unreasonably oppressive or surprising.  *See id.*  The general rule in California is "[m]ere inequality in bargaining power . . . is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context." *See Lagatree v. Luce, Forward, Hamilton & Scripps LLP*, 74 Cal. App. 4th 1105, 1109, 1122, 1127-28, 1137 (1999) (affirming employer's discharge of employee who refused to sign arbitration agreement; "under both federal and state law, an employee's rights to a jury trial and a judicial forum can be validly waived by agreement, even where the waiver is required as a condition of employment").

"Surprise is defined as the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms."  *See Walnut Producers of Cal.,* 187 Cal. App. 4th at 646.  Here, Plaintiff cannot show that the Arbitration Agreement is "surprising."  KSI set forth the Arbitration Agreement as a separate agreement, clearly labeled in large font with the title "Dispute Resolution And Mutual Agreement To Binding Arbitration."  (KSI Decl. ¶ 10 & Ex. B.) The Arbitration Agreement likewise contains language, in bolded font, that explains in plain terms that the signatory understands and agrees to arbitration of covered claims.

(*See, e.g.,* KSI Decl. ¶ 10 & Ex. B ¶ 2 (stating in bold that "I understand and agree that arbitration is the only forum for resolving Covered Claims").)

In addition, Plaintiff cannot show that the Arbitration Agreement is unreasonably oppressive.  Conditioning employment on agreement to arbitration does not render the agreement unenforceable.  *See Sanchez v. CarMax Auto Superstores Calif., LLC*, 224 Cal. App. 4th 398, 402 (2014) ("[T]hat the agreement is required does not make it unenforceable."); *Jersey v. John Muir Med. Ctr.*, 97 Cal. App. 4th 814, 824 (2002) ("[A]n employer may insist that its employees forgo their right of access to the courts by submitting all employment-related disputes to . . . nonjudicial arbitration, so long as the agreement . . . is not unconscionable.").  KSI offered the terms of the Arbitration Agreement to Plaintiff, and Plaintiff accepted the terms of the Agreement by signing and dating his assent.

The lack of procedural unconscionability alone compels enforcement of the Arbitration Agreement.  *See Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 910 (2015) (holding that plaintiff must demonstrate both forms of unconscionability before court can refuse to enforce agreement).

### 2.     The Arbitration Agreement Is Not Substantively Unconscionable

Moreover, the Arbitration Agreement is not substantively unconscionable.  To support a finding of substantive unconscionability, the terms of an arbitration agreement must be "so one-sided as to 'shock the conscience.'"  *See Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1532 (1997).  "The substantive element of the unconscionability analysis focuses on overly harsh or one-sided results."  *Walnut Producers of Cal.*, 187 Cal. App. 4th at 647.  For example, in *Stirlen*, 51 Cal. App. 4th at 1528-29, 1552, the court held that, where an arbitration agreement precluded the employee from filing claims against his employer but protected the employer's ability to file claims against the employee, the agreement was substantively unconscionable.  *See Armendariz*, 24 Cal. 4th at 117 (noting that, to avoid substantive unconscionability, an agreement need contain a

12

"modicum of bilaterality").  No such substantive deficiencies exist here.  To the contrary, the Arbitration Agreement provides all parties with the same rights, responsibilities, and protections, and it allows all parties to pursue covered claims in arbitration.  (*See* KSI Decl. ¶ 10 & Ex. B.)  Because the Arbitration Agreement is not substantively unconscionable, it must be upheld and enforced.

### d.    The Arbitration Agreement Meets The *Armendariz* Factors

Plaintiff cannot demonstrate that the Arbitration Agreement is unenforceable under California law.  Although the continued applicability of the factors set forth in *Armendariz v. Found. Health Psychcare Services, Inc.*, 24 Cal. 4th 83 (2000), is in question, Plaintiff cannot demonstrate that the Arbitration Agreement fails them in any event.

In *Armendariz*, the California Supreme Court held that an arbitration agreement lawfully may require the arbitration of statutory claims if the agreement meets certain minimum requirements, including:  (1) a neutral arbitrator; (2) adequate discovery; (3) a written award; (4) all types of relief that would be available in court; and (5) the arbitration agreement does not require the employee to pay unreasonable arbitration forum costs.  *Id.* at 99-113, 117.  The court held that the arbitration agreement need not contain language specifying each element; rather, "an agreement to arbitrate a statutory claim implicitly incorporates 'the substantive and remedial provisions of the statute' so that parties to the arbitration would be able to vindicate 'their statutory cause of action in the arbitral forum.'"  *Id.* at 103.  Unless an arbitration agreement contains express language contrary to or disallowing one of the five elements, the arbitration agreement implicitly satisfies them.  *See id.* at 99-113.

Many courts and commentators have noted that *Armendariz* may no longer be good law, reasoning that the FAA displaces any state law that impedes the FAA's purposes of promoting resolution through arbitration.  By imposing a list of requirements applicable only to arbitration agreements and, therefore, creating an additional hurdle to

13

enforceability of such agreements, *Armendariz* appears to run afoul of the FAA.  *See, e.g., Ruhe v. Masimo Corp.*, No. SACV 11-00734, 2011 WL 4442790, at *2 (C.D. Cal. Sept. 16, 2011) (noting that, to the extent that *Armendariz* imposes additional requirements that a mandatory employer-drafted arbitration agreement must meet, *Armendariz* is preempted by the FAA under *Concepcion*); *Oguejiofor v. Nissan*, No. C-11-0544 EMC, 2011 WL 3879482, at *3 (N.D. Cal. Sept. 2, 2011) (noting that *Armendariz* was abrogated in part by *Concepcion*).

In any event, Plaintiff cannot demonstrate that the Arbitration Agreement fails the *Armendariz* factors.  As an initial matter, the Arbitration Agreement requires both sides to arbitrate pursuant to the AAA Employment Rules.  *See Roman v. Superior Ct.*, 172 Cal. App. 4th 1462, 1476 (2009) (holding that an arbitration agreement incorporating the AAA's employment rules complied with *Armendariz*).  Further, the Arbitration Agreement explicitly provides safeguards for fairness.  It ensures use of a neutral arbitrator selected in accordance with AAA rules, provides for adequate discovery in accordance with the California Code of Civil Procedure, requires a written award that provides detail regarding the reasoning behind the decision, and it requires the employer to pay all costs unique to the arbitration.  (*See* KSI Decl. ¶ 10 & Ex. B ¶¶ 4, 9-12.)  As such, the Arbitration Agreement allows Plaintiff to pursue his legal rights in accordance with the standards outlined in *Armendariz*.

Further, any section of the Arbitration Agreement, if found improper by the Court, properly may be excised from the remainder of the Agreement.  *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70-72 (2010).  The Arbitration Agreement specifically provides that "[i]f any provision of this Agreement is determined to be unenforceable or in conflict with a mandatory provision of applicable law, it shall be construed to incorporate any mandatory provision and/or the unenforceable or conflicting provision shall be automatically severed [with the exception of the class action waiver] and the remainder

of the Agreement shall not be affected."  (KSI Decl. ¶ 10 & Ex. B ¶ 16.)  As a result, *Armendariz* is not a bar to enforceability of the Agreement.

### 2.    Plaintiff Must Proceed In Arbitration On An Individual Basis Because The Class Waiver Is Valid And Enforceable

The Court should order Plaintiff to arbitrate his non-PAGA claims on an individual basis because, in the Arbitration Agreement, Plaintiff agreed to proceed on an individual basis and to waive assertion of any class claims.

Class action waivers, such as the clause in the Arbitration Agreement, are enforceable under both the FAA and California law.  *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339-52 (2011) (affirming enforcement of class action waivers and holding that the FAA displaces a conflicting state rule); *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 359-60 (2014) (holding state's refusal to enforce class action waiver preempted by FAA); *see also DIRECTV, Inc. v. Imburgia*, 136 S. Ct. 463, 465-66 (2015) (upholding enforcement of class action waiver); *Nanavati v. Adecco USA, Inc.*, 99 F. Supp. 3d 1072, 1079 (N.D. Cal. 2015).  Indeed, the U.S. Supreme Court confirmed the enforceability of class action waivers in arbitration agreements as recently as May 21, 2018.  *See Epic Systems Corp. v. Lewis*, 138 S. Ct. 1147, 1619-20, 1632 (2018) (holding that, in accordance with the FAA, courts must enforce arbitration agreements that provide for individualized proceedings).

Here, it is beyond dispute that the Arbitration Agreement contains a valid class action waiver.  The Agreement expressly provides:  "[A]ll claims subject to this agreement will be arbitrated only on an individual basis."  (*See* KSI Decl. ¶ 10 & Ex. B ¶ 8.)  In agreeing to its terms,  Plaintiff expressly "waive[ed] the right to participate in . . . any class, collective, or representative proceeding," agreed that he would not "bring a claim on behalf of other individuals," and agreed that "no arbitrator hearing any claim under this agreement" would have the power to arbitrate "any form of a class, collective, or representative proceeding."  (*See id.*)

15

Under these terms, the Arbitration Agreement bars Plaintiff from asserting class claims in court as well as in arbitration.  The Court, therefore, should compel Plaintiff to arbitrate on an individual basis.

### 3.    The Arbitration Agreement Covers Plaintiff's Claims

The Court should compel Plaintiff to arbitrate his individual non-PAGA claims because such claims fall within the plain terms of the Arbitration Agreement.

"The burden is on the party opposing arbitration to demonstrate that [the] arbitration clause *cannot* be interpreted to require arbitration of the dispute." *See Titolo v. Cano*, 157 Cal. App. 4th 310, 316 (2007) (internal quotations omitted); *see also AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986) (noting that an "order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute").  Significantly, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25; *see Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999); *Titolo*, 157 Cal. App. 4th at 317 ("[A]ny doubt as to the meaning and interpretation of an arbitration agreement is resolved in favor of requiring arbitration.").

The Arbitration Agreement requires Plaintiff to arbitrate "Covered Claims," which it plainly defines to include "all common-law and statutory claims relating to [Plaintiff's] employment, including [claims for] . . . unpaid wages." (*See* KSI Decl. ¶ 10 & Ex. B ¶ 2.)  In his Complaint, Plaintiff asserts various statutory claims relating to his employment, including claims for unpaid wages.  In particular, Plaintiff asserts that Defendants violated the California Labor Code by:  (1) failing to compensate Plaintiff for all hours worked; (2) failing to pay Plaintiff minimum wage, including overtime compensation; (3) failing to provide Plaintiff meal and rest periods (as well as pay the statutory penalty for missed meal and rest periods); (4) failing to reimburse Plaintiff's required business expenses; (5) failing to furnish Plaintiff accurate, itemized wage

16

statements; and (6) failing to timely pay Plaintiff his final wages upon termination.  (*See* ECF No. 5, Ex. A, Compl. ¶¶ 55-100.)  Plaintiff also contends that Defendants violated California Business and Professions Code §§ 17200, *et seq.*, through the actions described above, including by allegedly failing to "accurately pay their employees for overtime" and "fail[ing] to provide their employees with their statutory meal and rest breaks."  (*See id.* ¶¶ 55-100, 112-124.)

Because all of these statutory claims relate to Plaintiff's employment, they fall squarely within the broad scope of the Arbitration Agreement.

### 4.   Plaintiff Should Be Required To Arbitrate His Claims Against KSI, As Well As Those Against ASPS

Although ASPS is not a signatory to the Arbitration Agreement, based on his own allegations, the Court should require Plaintiff to arbitrate his individual claims against ASPS as his alleged joint employer.  (*See id.*  ¶ 15 (alleging that KSI and ASPS were "Plaintiff's joint employers").)

Where Plaintiff's allegations against an alleged joint employer are "sufficiently intertwined" with his employment relationship, Plaintiff is "equitably estopped from refusing to arbitrate [his] claims" with the alleged joint employer.  *See Sandoval*, 2018 Cal. Super. LEXIS 2261, at *4, *6-7, *14 (ordering plaintiff to arbitrate claims against both KSI and defendant at which KSI placed plaintiff when she did not "distinguish between the defendants in the Complaint, as the facts supporting each cause of action are alleged against all Defendants"); *see also Garcia v. Pexco, LLC*, 11 Cal. App. 5th 782, 784, 788 (2017) (finding plaintiff equitably estopped from denying defendant's right to arbitrate because plaintiff "agreed to arbitrate his wage and hour claims against his employer" and alleged that both defendants "were his joint employers").

Here, Plaintiff indiscriminately lodged all of his claims against both KSI and ASPS collectively, claiming that each Defendant acted "as the agent for the other."  (*See* ECF No. 5, Ex. A, Compl. ¶ 6.)  For instance, Plaintiff alleged that "each and all of the acts

and omissions alleged herein was performed by or is attributable to Defendants," KSI and ASPS.  (*See id.*)  Plaintiff claimed that, in fact, KSI and ASPS are the same entity.  In particular, he alleged that "the individuality and separateness of Defendants have ceased to exist" and that Defendants "are, in reality, one and the same."  (*See id.*  ¶¶ 12-13.)  As a result, Plaintiff should be estopped from refusing to arbitrate his employment claims against ASPS.

### 5.    The Court Should Bifurcate And Stay Plaintiff's PAGA Claim

Because Plaintiff's other claims unquestionably fall within the terms of the Arbitration Agreement, the Court should stay Plaintiff's remaining representative PAGA claim pending arbitration of Plaintiff's individual claims.

Under the FAA, when an action has been ordered to arbitration, the proceedings "shall" be stayed until the arbitration has been completed.  9 U.S.C. §§ 3, 4; *see Marshall v. Pontiac*, 287 F. Supp. 2d 1229, 1234 (S.D. Cal. 2003).  Similarly, California Code of Civil Procedure § 1281.4 mandates that when a court "has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State," that court shall "stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies." Cal. Code Civ. P. § 1281.4.

Although Plaintiff bases a representative PAGA claim upon the alleged Labor Code violations discussed above (ECF No. 5, Ex. A, Compl. ¶ 111 (seeking assessment and collection of civil penalties for various Labor Code violations discussed above)), California courts have held that a representative PAGA claim is not subject to arbitration and, therefore, should be stayed pending conclusion of arbitration.  *See Iskanian*, 59 Cal. 4th at 383-84; *Franco v. Arakelian Enters., Inc.*, 234 Cal. App. 4th 947, 957, 961-64, 966 (2015) ("Because the issues subject to litigation under the PAGA might overlap those that are subject to arbitration of [plaintiff's] individual claims, the trial court must order an appropriate stay of trial court proceedings . . . to preserve the status quo [and]

18

prevent[] any continuing trial court proceedings from disrupting and rendering ineffective the arbitrator's jurisdiction to decide the issues that are subject to arbitration.").

As a result, the Court should stay Plaintiff's PAGA claim pending the outcome of Plaintiff's individual arbitration. *See Gray v. Conseco, Inc.*, No. SA CV 00-322DOC(EEX), 2000 WL 1480273, at *8 (C.D. Cal. Sept. 29, 2000) (staying non-arbitrable claim "[t]o promote judicial economy and efficiency" when "overwhelming majority of the claims are arbitrable" and "non-arbitrable claim is based on exactly the same facts and issues as the arbitrable claims"); *Franco*, 234 Cal. App. 4th at 966; *see also Marcus v. Superior Court,* 75 Cal. App. 3d 204, 207, 212 (1977) (holding that court must stay portion of civil action when arbitration will determine same issues).[4]

The Court, accordingly, should bifurcate Plaintiff's remaining representative claim for PAGA penalties pursuant to California Code of Civil Procedure § 1048(b) and stay that claim pending arbitration of Plaintiff's individual non-PAGA claims.

### B.  The Court Should Stay This Action Under *Colorado River* Pending Resolution Of *Barbosa*

Additionally, the Court should stay this action under the *Colorado River* doctrine pending resolution of the earlier-filed *Barbosa* action pending in California Superior Court to avoid duplication and potentially inconsistent rulings.

While "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction," federal courts decline to exercise jurisdiction in favor of previously-filed state actions under exceptional circumstances, such as when a state and federal court could reach different conclusions about the same issue. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976); *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788,

---

[4] If the Court disagrees and rules that Plaintiff's claims against ASPS are not arbitrable, then, in the alternative, those claims should be stayed because the arbitration of Plaintiff's claims against KSI are likely to resolve factual questions coextensive with claims against ASPS. *See Gunawan v. Randstad Gen. Partner (US) LLC*, Case No. SAVC 13-01464-CJC(AGRx), 2013 WL 12142565, at *3 (C.D. Cal. Dec. 16, 2013).

800 (5th Cir. 2014); *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1022-23 (N.D. Cal. 2008) (staying state and federal law claims brought in federal court on behalf of Oregon employees in favor of earlier-filed state court action brought on behalf of California and Washington employees).

In *Ross*, 542 F. Supp. at 1018-19, for example, plaintiffs brought suit in federal court asserting FLSA claims and state law claims on behalf of U.S. Bank employees in Oregon, California and Washington.  Before plaintiffs filed their federal suit, other plaintiffs filed class actions against U.S. Bank in Oregon state court alleging similar claims.  *Id*. at 1019.  Applying *Colorado River*, the court stayed the federal and state claims brought on behalf of the Oregon employees because it concluded that Oregon state courts were in the best position to decide Oregon state law claims and because "the resolution of . . . Oregon state law claims [could] render . . . federal claims moot."  *Id*. at 1022.

The Ninth Circuit applies eight factors to determine whether to stay or dismiss a case under *Colorado River*, including:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1166 (9th Cir. 2017).  "Some factors may not apply in some cases, and any doubt as to whether a factor exists should be resolved against a stay or dismissal."  *Id*. (quotation marks omitted); *see Coopers & Lybrand v. Sun-Diamond Growers of Cal.*, 912 F.2d 1135, 1138 (9th Cir. 1990).  These factors militate in favor of a stay in this case.

The first two factors do not have any application in this case.  There is no specific property at stake, and neither the state nor federal forum "has a significant advantage as to convenience."  Thus, the factors are neutral.  *See Montanore Minerals*, 867 F.3d at

1167 ("On appeal, Defendants argue that this factor favors a stay, but in their district court brief they acknowledged that 'neither forum has a significant advantage as to convenience'" and, thus, "we treat this factor as neutral in our analysis.").

The third factor – avoiding piecemeal litigation – favors abstention.  Both Plaintiff and Barbosa claim that KSI violated provisions of the California Labor Code, in that KSI allegedly:  (1) failed to pay minimum wage; (2) failed to reimburse required business expenses; (3) failed to furnish accurate, itemized wage statements; and (4) failed to timely pay final wages upon termination.  (*See* ECF No. 5, Ex. A, Compl. ¶¶ 64-74, 82-100; *Barbosa* Fourth Am. Compl. ¶¶ 74-96, 103-108, 132-136.)  Both Plaintiff and Barbosa also assert claims for violation of the California Business and Professions Code §§ 17200, *et seq.*, and claims for PAGA penalties, based on the same alleged conduct described above.  (*See* ECF No. 5, Ex. A, Compl. ¶¶ 101-124; *Barbosa* Fourth Am. Compl. ¶¶ 116-131.)

To the extent that Plaintiff raises any claims that Barbosa does not assert, the third factor nevertheless favors abstention because the principal claims overlap.  In *Gintz v. Jack In the Box, Inc.*, No. 06-CV-02857, 2006 WL 3422222, at *2 (N.D. Cal. Nov. 28, 2006), for instance, multiple plaintiffs filed an action in federal court alleging that defendant:  (1) failed to pay all overtime due because defendant forced employees to work during rest and meal periods; (2) failed to provide meal and rest periods in compliance with California law; and (3) failed to provide accurate itemized wage statements.  Plaintiffs brought all three claims on behalf of a putative California class and, in addition, brought the first claim on behalf of a nationwide collective action.  *Id.* Prior to plaintiffs' filing suit, one plaintiff filed a claim that defendant failed to provide meal and rest breaks as required under California law on behalf of a putative California class in state court.  *Id.* at *1.  Even though two of the three aforementioned causes of action were not present in the state action, and there was no federal claim in the state

MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY THE ACTION
CASE NO. 8:18-CV-01528 JVS (JDEX)

action, the court nonetheless concluded that this factor favored abstention because those claims could have been brought in the state action:

> Although the State action does not include federal and State minimum wage and hour claims or State claims for failure to provide accurate itemized wage statements on behalf of the California class, Plaintiffs have failed to explain why those claims cannot be added to the State action, at least on behalf of the California class.  The California claims can be brought in a California court and the federal courts do not have exclusive jurisdiction over FLSA claims.  By failing to bring all of her claims in her State court litigation, Plaintiff Gintz's actions create the kind of piecemeal litigation that the *Colorado River* doctrine was developed to prevent.

*Id*. at *5 (citations omitted).

Similarly, in *Montanore Minerals*, 867 F.3d at 1163, for instance, plaintiff filed suit in federal court seeking an eminent domain order that permitted plaintiff to build a tunnel through mining claims owned by defendant.  Prior to bringing his federal suit, however, plaintiff filed an action in state court seeking a declaration that defendant's mining claims were invalid.  *Id*.  The district court declined to invoke *Colorado River* abstention, and the Ninth Circuit reversed.  *Id*. at 1163-64.  In finding that the district court erred, the Ninth Circuit held that, even though the suits concerned different issues, the result of the two suits was "piecemeal litigation of [plaintiff's] singular goal" of being allowed to build a tunnel through defendants' mining claims.  *Id*. at 1167-68.  The Ninth Circuit reasoned that both the state and federal courts would have to consider the validity of defendant's mining claims, which could lead to inconsistent results.  *Id*. at 1168.

As in *Gintz* and *Montanore Minerals*, this Court should abstain from adjudicating Plaintiff's claims pending resolution of the claims in *Barbosa*.  Plaintiff and Barbosa present the same issues and, to resolve their claims, the courts must consider the same questions, including whether KSI failed to pay minimum wage, reimburse required business expenses, provide accurate wage statements, and pay wages due at the time of termination.  As in *Montanore Minerals* and *Gintz*, both courts must consider these same issues, and, as a result, they could reach inconsistent conclusions, enter orders subjecting KSI to inconsistent requirements, or award Plaintiff and the putative class members

1   double recovery – all of which *Colorado River* seeks to avoid.  *See African Methodist*

2   *Episcopal Church*, 756 F.3d at 800 ("The real concern at the heart of the third *Colorado*

3   *River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of

4   inconsistent rulings," whereby "[i]f the federal action should continue unabated, the

5   district court and the state court would each determine the same issues with respect to the

6   same property" and "[t]he risk of inconsistent rulings would therefore be very real.").

7        The fourth factor – the order in which courts obtained jurisdiction – favors

8   abstention.  Barbosa filed his lawsuit on August 26, 2015, and his Fourth Amended

9   Complaint on July 12, 2018, and Plaintiff filed this action on July 18, 2018.  (*See*

10  *Barbosa* Compl.; *Barbosa* Fourth Am. Compl.; ECF No. 5, Ex. A, Compl.)

11       The fifth factor – whether federal law or state law provides the rule of decision on

12  the merits – similarly favors abstention.  Plaintiff brings all of his claims under California

13  state law.  The lack of a federal claim is a "major consideration" favoring abstention.

14  *Community Consol. Sch. Dist. No. 59 v. U.S. Fidelity & Guaranty Co.*, 626 F. Supp. 461,

15  464 (N.D. Ill. 1985) (quoting *Moses H. Cone Memorial Hosp.*, 460 U.S.at 26 ("One

16  general point which does appear consistently in the cases is that the absence of a federal

17  question carries some weight," which the Supreme Court has called "a 'major

18  consideration,' and the Seventh Circuit seemed to find . . . highly significant in

19  *Microsoftware*.")).

20       The sixth factor – whether the state court proceedings can adequately protect the

21  rights of the federal litigants – favors abstention.  This factor favors abstention where

22  "the state court has authority to address the rights and remedies at issue."  *R.R. Street &*

23  *Co., Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 981 (9th Cir. 2011).  The state court here

24  unquestionably has authority to address Plaintiff's state law claims.  Accordingly, this

25  factor favors abstention.

26       The seventh factor – the desire to avoid forum shopping – favors abstention.

27  Barbosa previously brought the bulk of Plaintiff's claims on behalf of a putative class,

28

23

MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY THE ACTION
CASE NO. 8:18-CV-01528 JVS (JDEX)

which includes Plaintiff, in the Superior Court of Monterey County.  Rather than attempting to intervene in *Barbosa*, or bringing individual claims on his own behalf, Plaintiff sought to re-assert claims pending in *Barbosa* on behalf of individuals also included in the *Barbosa* class in a different forum.  Accordingly, the Court should find this factor favors abstention.  *See Ross*, 542 F. Supp. 2d at 1022 (finding this factor favored abstention because, *inter alia*, second-filed "substantially similar" action was filed in another forum).

The eighth factor – whether the state court proceedings will resolve all issues before the federal court – also favors abstention.  This factor is concerned with whether state court proceedings will result in "comprehensive disposition of litigation." *Montanore Minerals*, 867 F.3d at 1170.  "[E]xact parallelism . . . is not required." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).  The fact that one suit has additional claims or parties also does not weigh against finding this factor applies.  *See Montanore Minerals*, 867 F.3d at 1170 (noting that, in *Nakash*, the Ninth Circuit found this factor was satisfied even though "additional parties were named in the state suit, the federal suit included additional claims, and the suits arguably focused on different aspects of the dispute").  As in *Montanore Minerals*, here, both suits present the same issues of whether KSI failed to pay minimum wages, reimburse required business expenses, provide accurate wage statements and pay wages due at the time of termination.

Resolving issues in *Barbosa* may resolve them for Plaintiff and his putative class. Plaintiff brought his suit against KSI primarily on behalf of individuals who are putative members of the *Barbosa* class.  Plaintiff brought his claims on behalf of "[a]ll non-exempt employees who are or were employed by Defendants and who worked in California at any time during the Class Period (collectively, the 'Class' or 'Class Members') excluding all persons with administrative or managerial duties only," while Barbosa asserts claims on behalf of a class defined as "all current and former Temporary Services Employees hired by Defendants at any time during the Class Period (the

MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY THE ACTION
CASE NO. 8:18-CV-01528 JVS (JDEX)

48863839v.5

'Class')."  (*See* ECF No. 5, Ex. A, Compl. ¶ 46; *Barbosa* Fourth Am. Compl. ¶ 54.) Plaintiff asserts various claims on behalf of the same individuals for whom *Barbosa* is already attempting to pursue relief.  Therefore, the eighth factor favors abstention.

As in *Ross* and *Montanore Minerals*, the Superior Court already has exercised jurisdiction over claims pending in this suit and is in the best position to resolve the California state law claims asserted by Barbosa – and now by Plaintiff – including claims alleging failure to pay minimum wages, reimburse required business expenses, provide accurate wage statements and pay wages due at the time of termination.  If the Court declines to abstain in favor of the first-filed state court action, Plaintiff's claims could be litigated in two different forums, with divergent results, and inconsistent outcomes. Accordingly, the Court should stay this action under *Colorado River*.

## IV.   CONCLUSION

For all of the foregoing reasons, KSI respectfully requests that the Court enter an order compelling Plaintiff to arbitrate his non-PAGA claims on an individual basis, dismissing his class claims, staying Plaintiff's PAGA claim pending the completion of individual arbitration, and staying this action in favor of the earlier-filed *Barbosa* action.

DATED: October 4, 2018                Respectfully submitted,

SEYFARTH SHAW LLP


By:  /s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
Jennifer A. Riley
Daniel C. Whang
Michael D. Jacobsen
Attorneys for Defendant
KELLY SERVICES, INC.